**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: July 29 2016

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-30164 |
| | ) | |
| Earl T. Patterson, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER

This case is before the court on the Motion of the United States Trustee to Dismiss for Abuse Pursuant to 11 U.S.C. §§ 707(b)(1) and (b)(3) ("Motion to Dismiss"), [Doc. # 13], and the United States Trustee's Request for Dismissal of Debtor's Case without Conducting an Evidentiary Hearing, [Doc. # 18].

The United States Trustee ("UST") filed his Motion to Dismiss on May 5, 2016. The motion was properly served on Debtor and Debtor's attorney. On May 6, 2016, the court entered an Order for Evidentiary Hearing setting the matter for hearing and requiring any response to be filed by May 20, 2016. The Order stated that "[a]bsent a request for hearing and a response stating with particularity the grounds for contesting the motion, the court will grant the Motion to Dismiss Case without holding the hearing set by this order." [Doc. # 14].

On May 20, 2016, Debtor filed a one sentence response requesting a hearing without stating any grounds for contesting the Motion to Dismiss. On that same date, counsel for the UST emailed Debtor's attorney, informing him of the requirement in the court's order to state with particularity the grounds for

contesting the Motion to Dismiss. [*See* Doc. # 18, Ex. 1]. Review of the record shows that Debtor has filed no further response to the Motion to Dismiss. Debtor's failure to do so is essentially a default in responding to the Motion. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, made applicable in this case by Rules 7055 and 9014(c) of the Federal Rules of Bankruptcy Procedure, the court will therefore grant the UST's request to dismiss this case without conducting an evidentiary hearing.

The legal basis for the UST's Motion to Dismiss is 11 U.S.C. § 707(b)(1) and (b)(3), which together provide that, where debts are primarily consumer debts, the court may dismiss a Chapter 7 petition if it finds that the totality of the circumstances demonstrate that granting relief would be an abuse of the provisions of Chapter 7. Prior to 2005, courts considered whether to dismiss a case for "substantial abuse" under § 707(b) based on the "totality of the circumstances." *See, e.g., In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989); *In re Price*, 353 F.3d 1135, 1139 (9th Cir. 2004). The Sixth Circuit explained that "substantial abuse" could be predicated upon either a lack of honesty or want of need, to be determined by the totality of the circumstances. *Krohn*, 886 F.2d at 126. In 2005, Congress incorporated this judicially created construct in § 707(b)(3), which was added as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Although pre-BAPCPA case law applying these concepts is still helpful in determining abuse under § 707(b)(3), under BAPCPA Congress has lowered the standard for dismissal in changing the test from "substantial abuse" to "abuse." *In re Mestemaker*, 359 B.R. 849, 856 (Bankr. N.D. Ohio 2007).

As the movant, the UST carries the overall burden of demonstrating that Debtor's case should be dismissed. *In re Weixel*, 494 B.R. 895, 901 (B.A.P. 6th Cir. 2013). The court finds that the UST's averments in the Motion to Dismiss, which are supported in part by Debtor's bankruptcy schedules and which are otherwise taken as true as a result of Debtor's default, set forth grounds for dismissal under § 707(b)(1) and (b)(3). The court does not require evidence or any further proceedings to decide the Motion to Dismiss.

A debtor is "needy" when "his financial predicament warrants the discharge of his debts" in a Chapter 7 case. *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 434 (6th Cir. 2004). The *Krohn* court explained that a factor relevant to determining whether a debtor is "needy" is the ability to repay debts out of future earnings, which alone may be sufficient to warrant dismissal under some circumstances. *Krohn*, 886 F.2d at 126. Other factors include whether the debtor enjoys a stable source of future income, whether he is eligible for adjustment of his debts through Chapter 13 of the Bankruptcy Code, and whether expenses

can be reduced without depriving the debtor or his dependents of any necessities. *In re Bender*, 373 B.R. 25, 30 (Bankr. E.D. Mich. 2007); *In re Burge,* 377 B.R. 573, 577 (Bankr. N.D. Ohio 2007); *see Krohn*, 886 F.2d at 126.

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, stating that his debts are primarily consumer debts. His Statement of Current Monthly Income/Means Test indicates that he is a below median income debtor. [Doc. # 1, p. 41/48]. Debtor's bankruptcy schedules show no unsecured priority debt and total unsecured nonpriority debt in the amount of $40,162.00. [Doc. # 1, pp. 19-22/48]. Debtor's Schedules I and J show monthly income representing pension income of $4,276.83 and expenses of $4,274.90, leaving income after expenses of $1.93. However, Debtor also receives social security income of approximately $1,059 that is not reflected in his Schedules. [Doc. # 13, ¶ 2;, Doc. # 1, p.27/48]. In addition, Debtor's pension and Social Security checks are deposited into an account jointly owned by him and his live-in girlfriend, whose paychecks are also deposited into that account. [Doc. # 13, ¶¶ 7-8]. Debtor's Schedule J expenses include $429 as payment on a debt secured by his Harley-Davidson motorcycle, which debt he has reaffirmed, notwithstanding the fact that he has a $435 expense for a leased vehicle, the debt on which he has stated an intention to also reaffirm. [*See* Doc. # 1, pp. 10, 29 & 38/48; Doc. # 7]. Additional Schedule J expenses include $270 as payment of unsecured debts owed to Bay Area Credit Union. [Doc. # 1, p. 29/48].

On these facts, and even without considering Debtor's additional Social Security income and contributions of his live-in girlfriend, the UST has demonstrated that Debtor's financial situation does not warrant granting him relief under Chapter 7 of the Bankruptcy Code and that doing so would be an abuse of those provisions. Debtor's monthly expenses can be reduced by limiting payments to only one vehicle and by eliminating the payments on the unsecured credit union loans that are subject to discharge. With these adjustments alone, approximately $700 per month would be available to fund a Chapter 13 plan and pay a significant amount of his unsecured debt. Assuming that Debtor is a below median income debtor as he has indicated, applying this amount over the applicable thirty-six-month plan duration for below-median income debtors, *see* 11 U.S.C. § 1322(d)(2), Debtor would have approximately $25,200, or $22,680 after payment of the Chapter 13 Trustee's administrative expenses, available to pay his unsecured nonpriority debt. Under this scenario, unsecured creditors may potentially receive a dividend of approximately 56%, or more if claims are not filed by all creditors as frequently occurs. *See In re Behlke*, 338 F.3d at 437 (finding *substantial* abuse where debtors had the ability to pay at least a 14% dividend to their unsecured

creditors).

In the absence of evidence to the contrary, which has not been forthcoming due to Debtor's default, the court finds that Debtor has reasonably stable income and is able to pay a meaningful portion of his unsecured debts out of his future income without Debtor or his dependents being deprived of adequate housing, food, clothing, or other necessities and that granting Debtor relief under Chapter 7 of the Bankruptcy Code would, therefore, be an abuse of the provisions of that chapter given the totality of his financial circumstances.

Based on the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that the UST's Request for Dismissal of Debtor's Case without Conducting an Evidentiary Hearing [Doc. # 18] is **GRANTED** only to the extent that the August 3, 2016, evidentiary hearing is **VACATED** as unnecessary to decide the Motion to Dismiss; and

**IT IS FURTHER ORDERED** that Debtor is allowed thirty (30) days from the date of this order to file a motion to convert to a Chapter 13 case, absent which the United States Trustee's Motion to Dismiss [Doc. #13] will be granted, and this case will be dismissed, by separate order of the court, without further notice or opportunity for hearing.

###